Sherd, J.,
delivered the opinion of the Court.
The complainant seeks -by his bill to enforce his lien as vendor • of a lot in Hhion City for unpaid purchase money. He had sold the lot in question to defendant in 1868 for the sum of one thousand dollars, for which defendant executed several notes, and among them one for six hundred dollars. The complainant alleges that the last note of six hundred dollars had been paid, except the sum of forty-eight dollars fifty cents, which, with interest to the- time of the filing of the bill, amounted to the sum of fifty dollars and ninety-two cents. As the only evidence of debt, he exhibits the defendant’s note for forty-seven dollars, due November 9th, 1868, the same being, as it recites, “the last payment for a lot of land situated in Hnion City.” He states that in the execution of this note there was a mistake in calculation of one dollar and fifty cents, whereby the note was made for forty-seven dollars instead of forty-eight dollars and fifty cents, the true balance due to him at *384 tbe time. There was a demurrer to the bill, and among other causes of demurrer was this, that “the Court of Chancery has no jurisdiction of any cause when the amount involved is less than fifty dollars.” The Chancellor disallowed the demurrer, and allowed defendant to rely upon all defences in the answer. The answer denies that there was any mistake in the calculation, and asserts that the amount of the note for forty-seven dollars is the defendant’s true and only indebtedness on account of said purchase. The bill and answer are both under oath, and no proof was taken. The Chancellor dismissed the bill because in the words of the decree “it appeared to the Court that the amount in controversy is not sufficient to give the Court jurisdiction — it being under the sum of fifty dollars.”
The complainant appealed.
Without determining the main question made in the argument as to the jurisdiction of a Court of Chancery in enforcing the lien of vendors of land, where the amount of purchase money due is less than fifty dollars, we hold that the bill in this case was improperly dismissed upon other and well settled principles. The bill makes a prima facie case of jurisdiction. It shows upon its face a balance of purchase money due, more than fifty dollars. This made a question - of account between the parties as to what was really due, which should have been heard upon its merits, vide Spurlock v. Fulks, 1 Swan, 289. In, that case it is held, that if the debt or demand set forth in the bill exceed *385 fifty dollars, the court prima facie has jurisdiction. And in Walker v. Kincaid, cited in Spurlock v. Fulks, it is held that this restriction upon the jurisdiction of a Court, of Chancery does not apply, when it appears that the original amount in controversy was over fifty dollars, and the same has been reduced by payments or opposing claims: 1 Swan E., 289.
The decree of the Chancellor is reversed, and the cause will be remanded for further proceedings.